# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BETTY HILEMAN,

    Plaintiff/Appellant,

v.                                                                                                  Civil No. 04-803 WJ/DJS

N.M. DEPARTMENT OF HEALTH;
PATRICIA T. MONTOYA, individually and in
her official capacity; GARY L. GIRON, individually
and in his official capacity; SUSAN SULLIVAN,
individually and in her official capacity; LAURA
GUTIERREZ, individually and in her official capacity
and personally; JOYCE GONZALES, individually
and in her official capacity and personally; and
ROBERT CASWELL INVESTIGATIONS, INC.,
a New Mexico Business Corporation,

    Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION PURSUANT TO RULE 56(f) TO STAY DEADLINES TO RESPOND TO DEFENDANT RCI'S MOTIONS FOR SUMMARY JUDGMENT

    THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Stay Plaintiff's Deadlines to Respond to Defendant RCI's Three Motions for Summary Judgment Pursuant to Rule 56(f) [Docket No. 19].  Having reviewed the submissions of the parties and being fully advised on the law, I find the motion is well taken and will be granted.

    Plaintiff filed her initial Complaint in New Mexico state court, First Judicial District, County of Santa Fe on June 18, 2004.  Defendants removed the case to this Court on July 16, 2004.  On September 28, 2004, Defendant RCI filed three separate motions for partial summary judgment.  On October 13, 2004, Plaintiff filed the instant motion seeking a stay pursuant to Fed. R. Civ. P. 56(f) of her time to respond to the motions for partial summary until after discovery.

On October 19, 2004, the Court entered the Initial Scheduling Order (ISO) [Docket No. 21] directing the parties to "meet and confer" in accordance with Fed. R. Civ. P. 26(f) on November 1, 2004 and setting the Rule 16 scheduling conference for November 18, 2004. On November 18, the Rule 16 scheduling conference took place, and an Initial Pre-Trial Report (IPTR) setting discovery deadlines was filed December 2, 2004 [Docket No. 37].

Fed. R. Civ. P. 26(d) states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Accordingly, once this case was removed,[1] parties in this case were not permitted to seek discovery prior to November 1, 2004. Defendant RCI's motions for partial summary judgment were all filed prior to the Rule 26(f) "meet and confer."

Under Rule 56(f), a court may deny a Rule 56 motion for summary judgment or may order a continuance to permit discovery if it appears from the affidavits of a party opposing summary judgment that the party lacks the facts essential to oppose the motion. Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000). Summary judgment should be refused when the nonmoving party has not had the opportunity to discover information necessary to her case. Id. When a party files a Rule 56(f) affidavit, she invokes the Court's discretion. Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993). Unless dilatory or lacking in merit, a Rule 56(f) motion should be liberally treated. Id. A Rule 56(f) affidavit must detail the evidence a party expects to discover. Jarvis v. Nobel/Sysco Food Serv. Co., 985 F.2d 1419, 1423 (10th Cir. 1993).

---

[1]The New Mexico Rules of Civil Procedure do limit a party's ability to seek discovery at the inception of a case.

Plaintiff's Rule 56(f) affidavit meets the above stated requirements.  Plaintiff's affidavit details that she expects to discover, among other things, transcripts of interviews, identities of persons preparing reports and a copy of Defendant RCI's contract with the State of New Mexico. Plaintiff's motion is not dilatory nor lacking in merit.  Accordingly, it will be granted.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Plaintiff's Deadlines to Respond to Defendant RCI's Three Motions for Summary Judgment Pursuant to Rule 56(f) [Docket No. 19] is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's responses to Defendant RCI's motions for summary judgment are due fourteen (14) days after the receipt of all deposition transcripts or fourteen (14) days following the close of discovery, whichever is later.

_____
UNITED STATES DISTRICT JUDGE